(October 29, 1991)

■ In the Matter of Thomas Swift, Appellant-Respondent, v Shirley Huested et al., Respondents, and James Leman, Respondent-Appellant.—In a proceeding to set aside the Conservative Party nomination of James Leman as a candidate for the public office of Member of the Town Council of the Town of Orangetown, and to direct a new Conservative Party caucus to nominate a candidate for that public office, the petitioner appeals from so much of a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), dated October 24, 1991, as denied that branch of the petition which was to direct a new Conservative Party caucus, and James Leman cross-appeals, as limited by his brief, from stated portions of the same judgment, which, *inter alia,* granted that branch of the petition which was to set aside his nomination and dismissed his cross claim to strike the Conservative Party line from the ballot for the General Election to be held on November 5, 1991, for public offices in the Town of Orangetown.

Ordered that the judgment is affirmed, without costs or disbursements.

On October 11, 1991, the Conservative Party of the Town of Orangetown reconvened its caucus for the purpose of nominating candidates for various public offices including that of Member of the Town Council of the Town of Orangetown. The vote for that position was tied, 40 votes for Thomas Swift and 40 votes for James Leman. At that point, Diane Beljean, acting as chair at the caucus, improperly voted a second time, declared that the tie was broken, and declared that James

Leman was the nominee of the Conservative Party for the public office of Member of the Town Council of the Town of Orangetown.

In the judgment appealed from, the court held, based on Beljean's improper vote, that James Leman was not the candidate of the Conservative Party for the public office of Member of the Town Council of the Town of Orangetown, and that it was too late to convene a new caucus.

Thomas Swift has standing to challenge Leman's nomination (see, *Matter of Wydler v Cristenfeld*, 35 NY2d 719). Moreover, the court did not err in finding that it was too late to convene a new caucus, particularly in view of the fact that in a related action in the United States District Court for the Southern District of New York, in which Leman challenged Swift's nomination at a prior Conservative Party caucus held on September 18, 1991, the Conservative Party, as one of the defendants, and the other parties to that action stipulated, in a consent order dated October 1, 1991, that every subsequent caucus would be held after at least 10 days notice (see also, Election Law § 6-108 [3]). It would be improper for the committee on vacancies to designate a substitute candidate, since the vacancy in this case was not caused by declination, death, disqualification of the candidate, or a tie-vote of a primary, but rather by an invalid caucus vote (see, Election Law § 6-148; *Matter of Nowik v Jablonski*, 133 AD2d 874).

Turning to James Leman's contention that the entire Conservative Party line should be stricken from the ballot, we note that as of October 22, 1991, the date of the hearing before the Supreme Court, Leman had failed to file objections with the Rockland County Board of Elections concerning his allegation that one of the individuals who participated in the second caucus was not a registered New York voter or an enrolled member of the Conservative Party. Accordingly, this contention must be rejected (see, Election Law § 6-154 [2]). In any event, this allegation was not established. Leman further contends that the Certificate of Caucus is invalid because it improperly listed the party affiliation of most of the candidates. However, this error is without consequence, since that information is not required by statute (see, Election Law § 6-156).

The parties' remaining contentions are without merit. Mangano, P. J., Eiber, Balletta and O'Brien, JJ., concur.